UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────
ROSA MARIA JAMIESON,

                Plaintiff,

    -against-

UNITED STATES POSTAL SERVICE ET AL.,

                Defendants.
─────────────────────────────────

**MEMORANDUM & ORDER**
20-CV-06184 (NGG) (RML)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Rosa Maria Jamieson brings this suit against the United States Postal Service alleging that she was negligently struck by a postal truck in Brooklyn, New York. Arguing that Jamieson's complaint is time-barred and equitable tolling should not apply, Defendant United States moves for judgment on the pleadings or, in the alternative, for summary judgment. For the reasons that follow, Defendant's motion for judgment on the pleadings is DENIED and Defendant's motion for summary judgment is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rosa Maria Jamieson alleges that she was injured in a car accident with a U.S. Postal Service ("USPS") truck in Brooklyn in January 2019.[1] (Compl. (Dkt. 1) ¶¶ 3-4.) She claims that the USPS driver collided with her Volkswagen and caused her "serious[] injur[ies] and [] significant damages," requiring surgery, physical therapy, and ongoing medical treatment. (*Id.* ¶¶ 29-31, 35-36.) Jamieson brings this action under the Federal Tort

---

[1] The court draws the following statement of facts from the pleadings and accepts Defendant's factual allegations as true for the purposes of deciding the government's motion. See *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). When quoting cases, unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

1

Claims Act ("FTCA"), alleging negligence by the USPS truck driver as well as negligent entrustment and negligent supervision on the part of the USPS. (*Id.* ¶¶ 33, 55, 69.)

Jamieson filed an administrative claim with the USPS on April 25, 2019, and submitted additional documentation associated with her claim on August 23, 2019. (*Id.* ¶¶ 3, 5.) The claim was denied on April 1, 2020. (*Id.* ¶ 6.) Her complaint in this court was filed on December 21, 2020, which she argues was timely "factoring in the lockdown time because of the Novel Coronavirus," citing a New York State "stay of Statute of Limitations" order issued by then-Governor Andrew Cuomo. (*Id.* ¶ 7.) The Government argues that it is entitled to judgment on the pleadings or, in the alternative, summary judgment because (1) New York State Executive Orders have no applicability to the FTCA time-bar; and (2) Jamieson fails to justify equitable tolling. (Def.'s Mot. for J. on the Pleadings or for Summ. J. ("Mot.") (Dkt. 20-1) at 8, 10.) [2]

---

[2] Questions of equitable tolling, as here, generally must look outside the pleadings and are therefore better decided on a motion for summary judgment rather than pursuant to Rule 12(c). Because the Government provided notice to the Plaintiff of its alternative motion, the Plaintiff fully briefed the question of equitable tolling, and the court provided an opportunity for the parties to submit Rule 56 statements as to any additional facts outside the pleadings that might justify tolling, the court concludes that it must deny the Defendant's motion for judgment on the pleadings and resolve this motion on summary judgment instead. *See, e.g., Burke v. United States Postal Serv.*, No. 19-CV-2539 (MKB), 2020 WL 9816003, at *4 n.3 (E.D.N.Y. Sept. 28, 2020); *Hunter v. United States Postal Serv.*, No. 19-CV-2572 (BMC) (PK), 2020 WL 804946, at *1 n.1 (E.D.N.Y. Feb. 18, 2020), *appeal withdrawn*, No. 20-1387, 2020 WL 6267968 (2d Cir. Sept. 23, 2020).

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. Discussion

The FTCA imposes a time-bar that requires suits like Jamieson's be filed within six months of "notice of final denial of the claim by the agency to which it was presented," or earlier, at the plaintiff's election, if an agency fails to finally resolve the claim within six months. 28 U.S.C. § 2401; *see* 28 U.S.C. § 2675(a). It is undisputed that this action was filed more than eight months after Jamieson's administrative claim was denied. Jamieson claims, however, that the time-bar either does not apply, or should be excused, because of the COVID-19 pandemic.

The court agrees with the Government, first, that federal law alone governs the accrual of claims under the FTCA. *See A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 139 (2d Cir. 2011) ("Federal law determines the date that an FTCA claim accrues."); *see also D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 749 (3d Cir. 2020) ("state-law tolling statutes do not apply to the FTCA's limitations period"). The FTCA and its accrual provisions operate as a limited waiver of sovereign immunity by the federal government; states cannot alter those terms. Because federal law

3

controls, New York State orders tolling certain statutes of limitation cannot toll Jamieson's claim.

There have been, however, some instances in which differing state law may justify equitable tolling. *See, e.g., Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005) (leaving open the possibility for a narrow exception permitting tolling where a plaintiff mistakenly brings a state law claim in state court, satisfying the state, but not federal, statute of limitations); *see also United States v. Wong*, 575 U.S. 402, 420 (2015) (affirming that the FTCA is subject to equitable tolling). But the court agrees with the Government that equitable tolling is not warranted in this case.

Equitable tolling is permitted where a plaintiff can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). There is no question that, until the late filing of this action, Jamieson diligently pursued her rights: she hired an attorney, filed an administrative grievance, and later submitted additional information required in the process. The question is whether "some extraordinary circumstance" stood in her way from satisfying FTCA's requirement that she file on time in this court.

Although Jamieson fulsomely briefed the question of equitable tolling, she has never actually articulated how the pandemic personally affected her, even after the court invited her to submit additional facts outside the pleadings that might describe why the pandemic caused the delay. (*See* November 16, 2021 Order.) Rather, she implausibly suggests that the USPS deliberately delayed in resolving her claim to somehow take advantage of the pandemic. (Pl.'s Opp. to J. on the Pleadings or Summ. J. ("Opp.") (Dkt. 20-2) at 6-7.) Plaintiff's counsel offers no explanation for why this action was not filed in the several months after his law firm partially re-opened, but before the deadline passed, let alone

4

why it did not choose to file still earlier.[3] (*Id.*; Def.'s Reply in Support of J. on the Pleadings or Summ. J. (Dkt. 20-3) at 7.) There is no claim that the law firm lost access to its mail, or even that its attorneys or staff were short-handed in processing backlogged mail. We are left only with the vague assertion that "the resources that [were] required [] were both sparse and sporadic" – and with the bare existence of the COVID-19 pandemic itself. (Opp. at 7.)

To be sure, the pandemic *has* been extraordinary. And the fact that it has impacted all of us does not mean that a plaintiff must show that she has been especially affected by it: "the term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017). But a plaintiff must "further demonstrate that those circumstances *caused* him to miss the original filing deadline." *Id.* (emphasis added). The few courts to decide cases like this one have accordingly held that tolling may be appropriate where a plaintiff's documents were returned without explanation by the court or where seeking information from the court to confirm receipt would have been "prohibitively challenging." *See Marquez-Ortiz v. United States*, No. 20-CV-5793 (JPO), 2021 WL 3863005, at *2 (S.D.N.Y. Aug. 30, 2021). But without identifying a specific obstacle, work restriction, or illness that impeded the specific filing in question, the fact of the pandemic alone generally cannot justify equitable tolling.[4]

---

[3] Nor is it clear why an attempted filing in October 2020 is relevant, given that it too was after the deadline, and no explanation is offered for why an earlier attempt was not made. (Opp. at 7.)

[4] *See, e.g.*, *Mairs v. Fields*, No. 20-CV-1451(EK), 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021) (noting that "[t]he law requires [] that Petitioner not only point to [] extraordinary circumstances, but proffer *something*, at least, about his efforts"); *Hines v. United States*, No. 17-CR-364-2 (CS),

5

The court recognizes that the pandemic may have created innumerable circumstances that caused late filings, notwithstanding the fact that this District always remained technically open for business. Plaintiffs must at least say what those circumstances were. Without doing so here, a rational trier of fact could not find for Jamieson, and the court must enter summary judgment against her.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. The clerk is respectfully requested to close the case.

SO ORDERED.

Dated:   Brooklyn, New York
         January 5, 2022

                                                      /s/ Nicholas G. Garaufis
                                                      NICHOLAS G. GARAUFIS
                                                      United States District Judge

---

2021 WL 2456679, at *3 (S.D.N.Y. June 16, 2021) (concluding the same); *Hernandez v. NHR Hum. Res., LLC*, No. 20-CV-3109 (PGG) (DF), 2021 WL 2535534, at *14 (S.D.N.Y. June 18, 2021) (denying tolling where the court "has been operating during the entirety of the pandemic and there has been no bar to filing cases"); *Gomez v. Henry St. Settlement*, No. 20-CV-5585 (AT) (BCM), 2021 WL 4943509, at *6 (S.D.N.Y. July 27, 2021) (holding that "the disruption caused by the COVID-19 pandemic . . . is not, standing alone, sufficient to warrant equitable tolling"), *report and recommendation adopted*, No. 20-CV-5585 (AT), 2021 WL 4239177 (S.D.N.Y. Sept. 17, 2021).